DECISION
{¶ 1} Relator, Delroy Green, commenced this original action requesting a writ of mandamus ordering respondents, state prison officials, to give him jail time credit. Respondents have filed a motion for summary judgment.
 {¶ 2} Pursuant to Civ.R. 53, and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In her decision, the magistrate notes that under Ohio Adm. Code 5120-2-04(F), the parole authority must treat the two sentences at issue here independently for purposes of calculating jail time credit. The magistrate concludes that respondents' calculation of jail time was consistent with this code provision. Therefore, the magistrate recommends that this court grant respondents' motion for summary judgment.
 {¶ 3} No objections have been filed to the magistrate's decision.
 {¶ 4} Finding no error or other defect on the face of the magistrate's decision, pursuant to Civ.R. 53(C), we adopt the decision of the magistrate as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, respondents' motion for summary judgment is granted and the writ of mandamus is denied.
Motion for summary judgment granted;
Writ of mandamus denied.
BOWMAN and DESHLER, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 DECISION IN MANDAMUS ON MOTION FOR SUMMARY JUDGMENT {¶ 5} In this original action in mandamus, relator, Delroy Green, asks the court to issue a writ compelling respondents, state prison officials, to give him jail time credit. On February 4, 2003, respondents filed a motion for summary judgment. The magistrate concludes, for the reasons stated below, that the court should grant the motion and deny mandamus relief.
Procedural History:
 {¶ 6} 1. According to the complaint, relator is currently incarcerated at the Marion Correctional Institution. On January 3, 2003, he filed the present complaint in mandamus alleging that the trial court calculated the jail time, but that respondents have failed to credit the time properly against his sentences.
 {¶ 7} 2. Relator pleaded guilty in two separate criminal actions in the Cuyahoga County Court of Common Pleas, case numbers CR 413069 and CR 417562.
 {¶ 8} 3. The following documents are attached to the complaint:
 {¶ 9} a. a journal entry in CR 417562 dated February 12, 2002 (filed February 15, 2002), stating that, for the crime of attempted felonious assault, the court imposed a prison term of two years, to run concurrently with the sentence in CR 413069. The court further ordered that defendant receive 132 days of jail time credit in CR 417562, for time served to February 12, 2002.
 {¶ 10} b. a journal entry in CR 413069 dated February 12, 2002 (filed February 15, 2002), stating that, for the crime of felonious assault, the court imposed a prison term of two years, to run concurrently with the sentence in CR 417562.
 {¶ 11} c. an "Informal Complaint Resolution" form, submitted to prison officials by relator regarding the calculation of his sentences and release date.
 {¶ 12} d. a memorandum from Ms. Jackson, Correction Records Management Supervisor, to relator setting forth statements including the following:
 {¶ 13} (i) that relator was awarded 132 days jail time credit with six days transport credit for a total of 138 days in CR 417562;
 {¶ 14} (ii) that the court's journal entry in CR 413069 was silent as to jail time credit but that claimant received transport credit;
 {¶ 15} (iii) that the release date in CR 417562 was October 3, 2003;
 {¶ 16} (iv) that the release date in CR 413069 was February 11, 2004, minus two days of "earned" credit.
 {¶ 17} (v) that, in order for the prison to calculate 132 days credit in CR 413069, the common pleas court would have to put on a journal entry expressly awarding 132 days of jail time credit in CR 413069.
 {¶ 18} 4. The complaint was also accompanied by an affidavit of indigency, a report of funds in relator's prison account, and an affidavit regarding prior civil actions.
 {¶ 19} 5. On February 4, 2003, respondents filed a motion for summary judgment. Attached to the motion was an affidavit from Mary Oakley, stating, in pertinent part::
 {¶ 20} a. In CR 417562, relator was sentenced to two years incarceration for attempted felonious assault. He was given jail time credit, as to that offense, for 132 days of time served through the sentencing on February 12, 2002. Relator was given an additional six days of credit for time served while awaiting transportation to prison.
 {¶ 21} b. In CR 413069, relator was sentenced to two years of incarceration for felonious assault. The trial court did not give relator credit for jail time served. However, relator was given seven days of credit for time served while awaiting transportation to prison.
 {¶ 22} c. The trial court ordered that the two sentences be served concurrently.
 {¶ 23} d. Relator was admitted to the custody of the Ohio Department of Rehabilitation and Correction ("ODRC") on February 19, 2002.
 {¶ 24} e. Relator is to be released when the longer of the two sentences is served. Therefore, the release date computed by the ODRC is February 11, 2004.
Conclusions of Law:
 {¶ 25} Relator seeks a writ directing respondents to reduce both of his sentences by the number of days he was confined in the county jail.
 {¶ 26} It is undisputed that relator was sentenced, in two different criminal actions, to incarceration in a state prison. In each action, he was given a definite sentence of two years, to be served concurrently rather than consecutively. In CR 417562, the trial judge stated that relator was to be given 132 days of jail time credit, and the ODRC also applied a credit for transportation time. In CR 413069, the trial judge did not give jail time credit, but the ODRC applied a credit for transportation time.
 {¶ 27} Ohio Adm. Code 5120-2-04(F) provides as follows:
 {¶ 28} "If an offender is serving two or more sentences, stated prison terms or combination thereof concurrently, the adult parole authority shall independently reduce each sentence or stated prison term for the number of days confined for that offense. * * *" (Emphasis added.)
 {¶ 29} The provision goes on to state that, when two sentences are being served concurrently, the prisoner's date of release is based on the longer definite sentence, after reduction for jail time credit.
 {¶ 30} In the present action, the trial court's entry clearly indicates that relator served time in the county jail for the offense in CR 417562 and that he was given credit for jail time served for that offense. The trial court addressed the crime in CR 413069 independently and sentenced relator separately in that action. Relator does not allege a claim that the trial judge erred in treating the two crimes independently, and, in any event, this action is not an appeal from the sentencing nor is the trial judge named as a party in the present action. Thus, no challenge to the sentencing order can be raised here.
 {¶ 31} Under Ohio Adm. Code 5120-2-04(F), the parole authority must treat the crimes independently insofar as reducing each sentence for the number of days already confined "for that offense." Respondents' actions in calculating the reduction of sentences were consistent with the code provision.
 {¶ 32} Relator argues, however, that respondents have essentially converted a concurrent sentence to a consecutive sentence, which is unlawful. The magistrate disagrees that the ODRC's calculations show consecutive treatment of the sentences. The release date calculations do not demonstrate that, after the shorter sentence in CR 417562 is completed, relator will then begin serving two years for the offense in CR 413069 beginning with the first day of the two-year period. Rather, relator is scheduled to serve only the remainder of the sentence in CR 413069 that has not already been served concurrently with the sentence in CR 417562.
 {¶ 33} The magistrate concludes that respondents are entitled to judgment as a matter of law and that the court should grant respondents' motion for summary judgment, denying the requested writ of mandamus.